# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| TRISTAR INSURANCE GROUP, INC.  *Plaintiff*,  v.  TRISTAR CLAIM SOLUTIONS, LLC,  *Defendant*. | Case No. _____ |

# COMPLAINT

Plaintiff, Tristar Insurance Group, Inc. ("Tristar"), by and through its counsel, files its Complaint against Defendant, Tristar Claim Solutions, LLC ("Tristar Claim" or "Defendant"), and states as follows:

## Introduction

1. Tristar brings this action against Defendant Tristar Claim for federal trademark infringement under Section 32 of the Federal Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114; false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and common law trademark infringement and unfair competition.

2. This case arises from a conflict between Tristar, on the one hand, and Tristar Claim, on the other hand, resulting from the Defendant's infringing use of Tristar's trademarks.

## Parties

3. Plaintiff, Tristar, is a corporation organized and existing under the laws of the state of California with a principal place of business at 100 Oceangate, Suite 840, Long Beach, California 90802.

4. Defendant, Tristar Claim, is a limited liability company organized and existing under the laws of the state of Florida with a principal place of business at 677 North Washington Boulevard, Sarasota, Florida 34236.

## Jurisdiction and Venue

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and Section 39 of the Lanham Act, 15 U.S.C. § 1121, as the claims asserted herein present federal questions relating to trademarks and unfair competition under the Lanham Act.

6. Additionally, this Court has supplemental jurisdiction over the state common law claims under 28 U.S.C. § 1367, as these claims are based on the same facts as the federal claims.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because it is where Defendant, Tristar Claim, resides.

## Tristar's Intellectual Property

8. Tristar owns a number of valid, subsisting common law and federally registered trademarks consisting of, or including, the term TRISTAR (collectively, the "TRISTAR Marks"). The TRISTAR Marks include the following federal registrations, all of which are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065:

| Mark | Reg. No. | Goods/Services |
| --- | --- | --- |
| TRISTAR | 4535836 | Administering legally mandated and employer-sponsored employee leave-of-absence and disability leave programs as well as employee leave programs covered by the Family Medical Leave Act; medical cost management and cost containment services involving insured and self-insured workers' compensation, disability, and liability claims, in Class 35<br><br>Insurance claims adjusting services, compiling and analyzing claims-related statistics, data, and other sources of information for financial and insurance risk management purposes, insurance loss prevention and control services, and structured settlement services for liability claims in the fields of property and casualty insurance as well as for self-insurance programs; claims administration of insured and self-insured employee medical and dental benefit plans, employee wellness programs, and COBRA; administration of flexible-spending accounts concerning employee health and welfare benefits; insurance agency and brokerage services, in Class 36<br><br>Investigation related to insurance claims for others, in Class 45 |

| Mark | Reg. No. | Goods/Services |
|---|---|---|
| TRISTAR (Stylized)<br><br>TRISTAR | 4716964 | Administering legally mandated and employer-sponsored employee leave-of-absence and disability leave programs as well as employee leave programs covered by the Family Medical Leave Act; medical cost management and cost containment services involving insured and self-insured workers' compensation, disability, and liability claims, in Class 35<br><br>Insurance claims adjusting services, compiling and analyzing claims-related statistics, data, and other sources of information for financial and insurance risk management purposes, insurance loss prevention and control services, and structured settlement services for liability claims in the fields of property and casualty insurance as well as for self-insurance programs; claims administration of insured and self-insured employee medical and dental benefit plans, employee wellness programs, and COBRA; administration of flexible-spending accounts concerning employee health and welfare benefits; insurance agency and brokerage services, in Class 36 |
| TRISTAR (and Design)<br><br>TRISTAR | 4716965 | Administering legally mandated and employer-sponsored employee leave-of-absence and disability leave programs as well as employee leave programs covered by the Family Medical Leave Act; medical cost management and cost containment services involving insured and self-insured workers' compensation, disability, and liability claims, in Class 35<br><br>Insurance claims adjusting services, compiling and analyzing claims-related statistics, data, and other sources of information for financial and insurance risk management purposes, insurance loss prevention and control services, and structured settlement services for liability claims in the fields of property and casualty insurance as well as for self-insurance programs; claims administration of insured and self-insured employee medical and dental benefit plans, employee wellness programs, and COBRA; administration of flexible-spending accounts concerning employee health and welfare benefits; insurance agency and brokerage services, in Class 36 |

6225380

Copies of the registration certificates for the TRISTAR Marks are attached hereto as Composite **Exhibit A**.

9. Tristar uses its TRISTAR Marks in interstate commerce for a variety of services, including third-party administration for employee benefit plans, property and casualty claims management, and managed care-related services.

10. Through Tristar's long and continuous use of the TRISTAR Marks for over 25 years, the TRISTAR Marks have become well-known to members of the public, who identify Tristar as the source of services offered under the TRISTAR Marks.

11. In addition, Tristar has built up a high degree of distinctiveness and valuable goodwill in its name and the TRISTAR Marks through its extensive investment of time, effort, and money. The TRISTAR Marks represent substantial goodwill and are of great importance and value to Tristar.

## Unauthorized Use of the TRISTAR Marks

12. Upon information and belief, Defendant, Tristar Claim, began operating a business that provides insurance staffing services, insurance claim representation, claims management, property and casualty adjusting services, and compliance services in or around February 2020.

6225380

13. Defendant owns the internet domain name TRISTARCLAIMSOLUTIONS.COM, and uses the name and mark "Tristar Claim Solutions, LLC" on the website associated with this domain. A true and correct copy of the webpage TRISTARCLAIMSOLUTIONS.COM is attached hereto as **Exhibit B**.

14. Tristar Claim came to Tristar's attention in February 2023. Tristar began receiving complaints from its customers regarding their actual confusion between Tristar and Tristar Claim.

15. On February 10, 2023, Tristar, through its counsel, sent a cease and desist letter to Defendant explaining Tristar's prior rights in the TRISTAR Marks and expressing Tristar's concern regarding the likelihood of consumer confusion arising from Defendant's continued use of the term "Tristar." Tristar demanded that Defendant cease and desist Defendant's use of the confusing similar name and contact Tristar's counsel to discuss transfer of the domain name.

16. As Defendant failed to respond to Tristar's correspondence, counsel for Tristar sent follow-up correspondence to Defendant on March 1, 2023. As of the date of this Complaint, Defendant has not responded.

17. Upon information and belief, as of today, Defendant continues to operate its business under "Tristar Claim Solutions, LLC."

## COUNT I
## Federal Trademark Infringement
## (Lanham Act § 32(a)(1), 15 U.S.C. § 1114(1)(a))

18. Tristar incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

19. The TRISTAR Marks are inherently distinctive or, in the alternative, have acquired secondary meaning through their longstanding use in commerce.

20. Tristar has used the TRISTAR Marks long prior to Defendant's use of the term "Tristar."

21. In view of its ownership of the TRISTAR Marks, Tristar has the exclusive right to use the mark TRISTAR in connection with, among other things, employee benefit plans, property and casualty claims management, and managed care-related services.

22. Tristar has not provided Defendant permission to use its TRISTAR Marks as part of the name and mark "Tristar Claim Solutions."

23. Despite being put on notice of Tristar's exclusive rights in the TRISTAR Marks, Defendant continues to use the name and mark "Tristar Claim Solutions" in violation of Tristar's exclusive rights in the TRISTAR Marks.

24. The name and mark "Tristar Claim Solutions" incorporates the term "Tristar," which is confusingly similar to the TRISTAR Marks.

6225380

7

25. Defendant is providing the same or substantially identical services as Tristar under the "Tristar Claim Solutions" name and mark, which is marketed to an identical or overlapping group of consumers.

26. Upon information and belief, the services being provided under the name and mark "Tristar Claim Solutions" are advertised through identical and overlapping trade channels as those services offered under the TRISTAR Marks.

27. Accordingly, Defendant's continued use of "Tristar Claim Solutions" is likely to cause consumer confusion, mistake, or deception.

28. Defendant's continued use of the name and mark "Tristar Claim Solutions" is also causing harm and damage to Tristar, as it falsely suggests a relationship between Defendant and Tristar. Moreover, it weakens Tristar's ability to identify and distinguish its own services.

29. Tristar has no control over Defendant's use of the infringing name and mark "Tristar Claim Solutions" or the quality of the services provided thereunder. Such uncontrolled use places Tristar's TRISTAR Marks, reputation, and goodwill at risk of serious injury.

30. Defendant's activities, as described above, constitute trademark infringement of Plaintiff Tristar's rights in its federally registered TRISTAR Marks pursuant to Section 32(a)(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

31. Despite receiving Tristar's cease and desist letter, Defendant has refused, or otherwise failed, to cease its infringing use of the TRISTAR Marks.

32. Defendant's continued use of the name and mark "Tristar Claim Solutions," after being put on notice of Tristar's rights, demonstrates an intentional and willful intent to trade on the goodwill associated with the TRISTAR Marks, which harms Tristar.

33. Defendant is therefore likely to cause substantial injury to the public and to Tristar, and Tristar is therefore entitled to injunctive relief, disgorgement of Defendant's profits from the operation of Tristar Claim Services, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under Section 35 of the Lanham Act, 15 U.S.C § 1117.

## COUNT II
### False Designation of Origin and Unfair Competition
### (Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A))

34. Tristar incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

35. Defendant's use of the use of the name and mark "Tristar Claim Solutions" is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Tristar, or as to the origin, sponsorship, or approval of Defendant's services offered under Tristar Claim Solutions by Tristar.

6225380

9

36. Defendant's activities, as described above, constitute false designation of origin pursuant to Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

37. Despite receiving Tristar's cease and desist letter, Defendant has refused, or otherwise failed, to cease its infringing use of the TRISTAR Marks.

38. Defendant's continued use of the name and mark "Tristar Claim Solutions," after being put on notice of Tristar's rights, demonstrates an intentional and willful intent to trade on the goodwill associated with the TRISTAR Marks, which harms Tristar.

39. Defendant's continued use of the name and mark "Tristar Claim Solutions" is therefore likely to cause substantial injury to the public and to Tristar, and Tristar is therefore entitled to injunctive relief, disgorgement of Defendant's profits from the operation of "Tristar Claim Solutions" actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under Section 35 of the Lanham Act, 15 U.S.C § 1117.

## COUNT III
### Trademark Infringement (Florida Common Law)

40. Tristar incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

41. Defendant has misappropriated Tristar's intellectual property by using the name and mark "Tristar Claim Solutions" in commerce.

6225380

42. Defendant's actions, as described above, are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Tristar with Defendant, or as to the origin, sponsorship, or approval of Defendant's services offered under Tristar Claim Solutions by Tristar.

43. Despite receiving Tristar's cease and desist letter, Defendant has refused, or otherwise failed, to cease its infringing use of the TRISTAR Marks.

44. Defendant's continued use of the name and mark "Tristar Claim Solutions," after being put on notice of Tristar's rights, demonstrates an intentional and willful intent to trade on the goodwill associated with the TRISTAR Marks, which harms Tristar.

45. As a result of Defendant's trademark infringement, Tristar has suffered, and will continue to suffer, substantial injuries, loss of goodwill, and damages.

## PRAYER FOR RELIEF

WHEREFORE, Tristar respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to the following:

A. An order declaring that Defendant's use of the name and mark "Tristar Claim Solutions" infringes Tristar's TRISTAR Marks and constitutes a false designation of origin, as well as unfair competition under federal and/or Florida law;

6225380

B. A preliminary and permanent injunction enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

1. From using, registering, or seeking to register the name and mark "Tristar Claim Solutions" in any form, including but not limited to in connection with any other wording or designs, and from using, registering, or seeking to register any other marks, logos, designs, designations, or indicators that are confusingly similar to any of Tristar's TRISTAR Marks, including but not limited to, use of the term "Tristar";

2. From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with Tristar or sponsored by or affiliated with Tristar in any way;

3. From assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs B 1–2;

C. An order directing Defendant to destroy all products, packaging, signage, advertisements, promotional materials, stationery, forms, and/or any

6225380

other materials and things that contain or bear the name and mark "Tristar Claim Solutions" or any other marks, logos, designs, designations, or indicators that are confusingly similar to any of the TRISTAR Marks;

    D.    An order directing Defendant to delete the TRISTAR mark from any social media including Facebook, Twitter and Instagram;

    E.    An order directing Defendant to transfer to Tristar the domain name tristarclaimsolutions.com and any other domain name containing the TRISTAR mark;

    F.    An order directing that, within thirty (30) days after the entry of the injunction, Defendant shall file with this Court and serve on Tristar's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

    G.    An order requiring Defendant to account for and pay to Tristar any and all profits arising from the foregoing acts;

    H.    An order requiring Defendant to pay Tristar damages in an amount as yet undetermined caused by the foregoing acts;

    I.    An order requiring Defendant to pay Tristar all of its litigation expenses, including reasonable attorneys' fees and the costs of this action, pursuant to 15 U.S.C. § 1117 and other applicable laws;

    J.    An order requiring Defendant to pay Tristar punitive damages for unfair competition under Florida common law; and

K.    Other relief as the Court may deem appropriate.

Dated:  April 4, 2023

                       */s/ Jason P. Stearns*
                       Jason P. Stearns (Florida Bar No. 59550)
                       Sarah A. Gottlieb (Florida Bar No. 125232)
                       **SMITH, GAMBRELL & RUSSELL, LLP**
                       201 North Franklin Street, Suite 3550
                       Tampa, FL  33602
                       Phone:  813-488-2920
                       Fax:  813-488-2960
                       E-mail: jstearns@sgrlaw.com
                       sgottlieb@sgrlaw.com
                       ckitchell@sgrlaw.com
                       daigotti@srglaw.com
                       vwilliams@sgrlaw.com